**13 CV 6312**

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------------------X  
SHAWN LEWIS,

                            Plaintiff,                         **COMPLAINT**

     -against-

THE CITY OF NEW YORK,                                 **JURY TRIAL DEMANDED**  
DETECTIVE AMADO BATISTA (TAX 905762),  
DETECTIVE DANIEL RIVERA ( TAX 927418),  
and JOHN DOE,

                            Defendants.  
------------------------------------------------------------------------X

Plaintiff, SHAWN LEWIS, by and through his attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, SHAWN LEWIS, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this

being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5. Venue herein is proper for the United States District Court for the SOUTHERN District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## PARTIES

7. Plaintiff SHAWN LEWIS is an adult male and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of New York.

8. Defendant THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for

which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10. Defendants AMADO BATISTA (TAX 905762), DETECTIVE DANIEL RIVERA (TAX 927418) and JOHN DOE, are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK, assigned to a local area NYPD unit believed to be the Bronx Narcotics Division.

11. Defendants AMADO BATISTA (TAX 905762), DETECTIVE DANIEL RIVERA (TAX 927418) and JOHN DOE were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK.

12. Defendants AMADO BATISTA (TAX 905762), DETECTIVE DANIEL RIVERA (TAX 927418) and JOHN DOE were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants AMADO BATISTA (TAX 905762), DETECTIVE DANIEL RIVERA (TAX 927418) and JOHN DOE are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

13. On JUNE 19, 2012, at approximately 12:00 a.m., (the "date of the arrest") plaintiff was lawfully walking at or near 183rd Street at or near its intersection with Grand Concourse (the "Scene"), in the County of Bronx, City and State of New York.

14. Defendants BATISTA, RIVERA and JOHN DOE were present at the Scene at this time.

15. Without any legal basis or justification for doing so, defendants BATISTA, RIVERA and JOHN DOE approached plaintiff and demanded to see his identification.

16. The plaintiff was not engaged in any suspicious or illegal conduct and he complied with defendants' requests.

17. Although there was no legal or justification for doing so, the defendants searched plaintiff.

18. The search yielded no evidence of guns, drugs, or contraband.

19. Despite the absence of any evidence of wrongdoing in the part of plaintiff, the defendants applied excessively tight handcuffs to the plaintiff and formally arrested him.

20. Plaintiff was then taken to the 46th Precinct at 2120 Ryer Avenue, County of Bronx, where he was held for several hours.

21. Plaintiff was then taken to Bronx County Central Booking where he was held for several more hours.

22. Plaintiff was eventually arraigned on a criminal complaint sworn to, or made on the basis of, false allegations given by the defendant officers.

23. The defendants fabricated the allegations which were used to justify the arrest and prosecution of plaintiff with the understanding that this information would be used by the

4

Bronx County District Attorney to prosecute plaintiff.

24. Plaintiff was then taken to Rikers Island where he was held for several more days pursuant to the false allegations sworn to by the defendant officers.

25. Plaintiff remained in the custody of the City of New York for several more weeks before he was released and given a future court date.

26. Plaintiff was prosecuted over the course of several months pursuant to the false allegations sworn to by the defendant officers before the charges against him were dismissed.

27. The factual allegations sworn to by the defendants against plaintiff to justify his arrest, detention, and arraignment were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the defendants against plaintiff.

28. It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that he had engaged in any unlawful conduct.

29. At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

30. At no time did there exist any basis to use any level of force against the plaintiff, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

31. At no time prior to or during the encounter was there sufficient legal cause to believe that plaintiff was engaged in any unlawful or suspicious activity.

32. At no time did any of the defendants take steps to intervene in, prevent, or otherwise limit

the misconduct engaged in by the defendants against plaintiff.

33. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein.

34. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests without legal justification or excuse.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

35. Plaintiff SHAWN LEWIS repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

36. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of SHAWN LEWIS and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of the defendants, the defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiff to be unlawfully subjected to excessive and unreasonable force, false arrest, malicious prosecution, denial of due process and fair trial, malicious use and abuse of process, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

37. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

38. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

39. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and the individuals defendants, had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

40. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including the individual defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, batter and assault and sustain a false arrest, thereby permitting the defendants to be in a position to violate plaintiff's rights.

41. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial

risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

42. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

43. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

44. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy,

practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

45. The aforementioned customs, practices, procedures, and rules of the City and the NYPD are listed below in the following, non-exhaustive list of unconstitutional actions:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

46. The existence of unconstitutional customs and policies, including those detailed herein, may be inferred from repeated occurrences of similar unconstitutional, illegal, and wrongful conduct, as documented in numerous civil actions, including, but not limited to, the following:

    a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

    b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

    c. *Zabala v. City of NewYork*, 37711/2010 (Sup. Ct. Kings Co.);

    d. *Ashe v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

    e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

    f. *Moise v. City of New York*, 09-CV-9855 (DC) (JLC) (S.D.N.Y.);

    g. *Taylor-Mickens v. City of New York*, 09-CV-7923 (RWS) (S.D.N.Y.);

    h. *Carmody v. City of New York*, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

    i. *McMillan v. City of New York*, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

    j. *Avent v. City of New York*, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.).

47. In an Order dated November 25, 2009, in *Colon v. City of New York*, 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officer of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration – through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department – there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city of the illegal conduct of the kind now charged.

48. It is therefore axiomatic that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

49. As a direct result of defendants' actions, plaintiff suffered a denial of his federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff, SHAWN LEWIS by the Fourth and Fourteenth Amendments of the

United States Constitution and by Title 42 U.S.C.A § 1983.

50. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
### THE CITY OF NEW YORK

51. Plaintiffs repeat and reiterate the foregoing allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

52. The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

53. More precisely, under this policy or plan, officers within the Narcotics Bureau, including the individual defendants, would secure warrants to search social clubs, apartments, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges. The arresting officer(s) would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the persons arrested.

54. The purposes of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

55. In addition, members of the Narcotics Bureau are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured,

and other, similar criteria. Thus, members of the Narcotics Bureau routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

56. The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiffs' arrests, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting officers often had found insufficient cause to justify the imposition of charges or continued prosecution is charges were filed.

57. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics division maintains a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

58. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

59. Defendant City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in

order to create false or misleading arrest numbers.

60. By reason thereof, the defendant has violated Title 42 U.S.C.A § 1983 and caused plaintiffs to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

61. That by reason of the aforesaid, the plaintiff has been damaged and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;
   b. Punitive damages;
   c. The convening and empanelling of a jury to consider the merits of the claims herein;
   d. Costs and interest and attorneys' fees;
   e. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       September 9, 2013

Respectfully submitted,
**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: _____
    JESSICA MASSIMI, Esq. (JM-2920)
    80 Maiden Lane, 12th Floor
    New York, New York 10038
    (212) 962-1020

# DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, __Shawn Lewis__, SS# __6350__, Date of Birth __5/9/74__, pursuant to NYCPL § 160.50[1][d], hereby designate MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. __Shawn Lewis__, Docket No. or Indictment No. __2012BX035907__, in __Crim__ Court, County of __Bronx__, State of New York, relating to my arrest on or about __6/19/12__, may be made available for use in Civil Action __13 CV 6312 (GBD)__, _____ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

__Shawn Lewis__
SIGNATURE

STATE OF NEW YORK   )
                    : SS.:
COUNTY OF           )

On this __21__ day of __May__, 201__3__ before me personally came __Shawn Lewis__, to me known and known to me to be the individual described in and who executed the foregoing instrument, and __he__ acknowledged to me that __he__ executed the same.

NOTARY PUBLIC

JESSICA SUSAN MASSIMI
Notary Public, State of New York
No. 02MA6247016
Qualified in Kings County
Commission Expires 08/15/2015

May 18, 2011